UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-cv-00285-MR

| BRANDON PICKENS, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) **MEMORANDUM OF DECISION AND ORDER** |
| TODD ISHEE, Secretary, North Carolina Department of Adult Corrections, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus [Doc. 1] and Motion to Proceed *in Forma Pauperis* [Doc. 2], filed by the Petitioner on October 6, 2023.

**I.     BACKGROUND**

Brandon Pickens (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking review of three separate disciplinary hearing decisions he received on August 10, 2023 and August 17, 2023, finding him guilty of three C-11 offenses that resulted in the total loss of thirty (30) days credit. [Doc. 1 at 1-2].

The Petitioner states that sought appellate review of the disciplinary convictions through the prison administrative system and that his disciplinary convictions were upheld. [Id. at 2]. However, the Petitioner provides no information to indicate that he sought review of his claims in state court and states that he did not seek further review because "there are no general state court procedures for review of prison disciplinary proceedings in North Carolina." [Id. at 3-4]. The Petitioner seeks to have each disciplinary conviction dismissed and requests that the lost credits be restored. [Id. at 8].

## II. DISCUSSION

### A. Motion to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income or amounts of money in any accounts. [Doc. 2]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion

to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

B. **Initial Review of § 2254 Petition**

Under 28 U.S.C. § 2254, a state prisoner's claims are limited to allegations that challenge either the fact or duration of their confinement. Preisier v. Rodriguez, 411 U.S. 475, 489 (1973). This includes an action seeking the restoration of good-time credits. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). However, "when a state prisoner challenges the length or duration of his confinement by alleging that certain good time credits were cancelled . . . pursuant to an unconstitutional process, and then seeks the restoration of those credits, he must first exhaust his state remedies." See Farrell v. Whitener, No. 3:13-cv-00530-FDW, 2015 WL 1457434, at *3 (W.D.N.C. Mar. 30, 2015) (citing Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983)).

The exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citation and quotation marks omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state

supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citation and quotation marks omitted).

The Petitioner provides no information to indicate that he sought review of his claims in state court and he further states that "there are no general state court procedures for review of prison disciplinary proceedings in North Carolina." [Doc. 1 at 3-4]. However, the Petitioner is incorrect. "North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief, N.C. Gen. Stat. § 15A-1411 *et seq.*, in the superior court where the conviction arose and by appealing any adverse ruling thereon in the state appellate courts." Hatcher v. Keller, No. 1:10CV30, 2010 WL 1568458, at *2 (M.D.N.C. Apr. 16, 2010) (citing State v. Bowden, 193 N.C. App. 597, 597-600, 668 S.E.2d 107, 108-09 (2008)); see also Satori v. N.C. Att'y Gen., No. 1:11-cv-00024-RJC, 2011 WL 1542134, at *2 (W.D.N.C. Apr. 22, 2011); Tompkins v. Thomas, No. 5:10-HC-2004-BO, 2010 WL 4735910, at *2 (E.D.N.C. Nov. 15, 2020). Alternatively, "North Carolina allows prisoners to bring civil suits in equity in State court to challenge the denial of their good-time credits." Satori, 2011 WL 1542134, at *2 (citing Smith v. Beck, 176 N.C. App. 757,

627 S.E.2d 284 (2006); Teasley v. Beck, 155 N.C. App. 282, 574 S.E.2d 137 (2002)).

A prisoner is required to exhaust his *state* remedies, in addition to his administrative remedies. Farrell, 2015 WL 1457434, at *3 (W.D.N.C. Mar. 30, 2015); Todd, 712 F.2d at 72. To do otherwise would place the federal courts in the position of having the initial review of state administrative proceedings, even where state courts offer an avenue of review. Such would be contrary to the federalist structure of the dual state and federal court systems. 28 U.S.C § 2254(b)(1)(A); Picard, 404 U.S. at 275. Because the Petitioner has not exhausted his available state remedies before seeking relief in this Court, his § 2254 petition shall be dismissed as procedurally barred.[1]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find

---

[1] The § 2254 petition is also subject to dismissal for attempting to seek review of multiple disciplinary convictions in one single habeas petition. Rule 2(e) of the Rules Governing Section 2254 Cases requires that a petitioner who seeks relief from multiple judgments of conviction must file a separate petition for each specific conviction that is being challenged. See also Greene v. Hernandez, 2018 WL 7458643, *2 (W.D.N.C. June 1, 2018)(noting that a petitioner may not challenge multiple judgments of conviction in the same habeas petition).

the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**.

2. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

4. The Clerk of Court is directed to close this case.

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge